IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
| | : | **CIVIL ACTION NO. 26-CV-2275** |
| SEAN BURTON | : | |

**MEMORANDUM**

COSTELLO, J.                                                                                      MAY  6, 2026

Plaintiff Sean J. Burton, who is currently confined at SCI Pine Grove, brings this *pro se* action alleging that his constitutional rights were violated in his state court criminal prosecution in the Delaware County Court of Common Pleas.  The Court will grant Burton's application to proceed *in forma pauperis* and will screen his Amended Complaint[1] pursuant to 28 U.S.C. § 1915(e)(2)(B).  As explained below, the Amended Complaint will be dismissed.

I.        FACTUAL ALLEGATIONS

Burton names as Defendants:  Mark R. Brothers, Superintendent of SCI Pine Grove; Dave W. Sunday, Jr., Esq., Attorney General; and Frederick J. Stollsteimer, District Attorney of Delaware County.  (Am. Compl. at 2.)  Burton states that the events giving rise to his claims

---

[1] On March 23, 2026, the Clerk's Office received a letter from Burton, along with an application to proceed *in forma pauperis* and a prison trust account statement.  (ECF Nos. 1, 2, 3.)  In the letter, Burton indicated that he was filing a complaint "complaining against wrongful conviction and violation of 6th and 14[th] amendment rights."  (*See* ECF No. 3.)  Although the letter itself was not a proper complaint under the Federal Rules of Civil Procedure, in an abundance of caution and in accordance with its responsibilities under Rule 5, the Clerk of Court opened a new prisoner civil rights action based on Burton's filings.  Burton subsequently submitted two additional *in forma pauperis* motions (ECF Nos. 4, 6) and an additional prison trust account statement (ECF No. 5).  By Order dated April 17, 2026, Burton was directed to file a proper complaint if he wished to proceed with this matter.  (*See* ECF No. 8.)  On April 20, 2026, the Court received Burton's complaint, which was entered on the docket as the Amended Complaint.  (*See* ECF No. 9.)  The Amended Complaint is the operative pleading in this case. *See Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019) ("In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity.  Thus, the most recently filed amended complaint becomes the operative pleading." (citations omitted)).  The Court adopts the pagination supplied by the CM/ECF docketing system to the filings in this case.

occurred at the Delaware County Court of Common Pleas during his state court criminal trial, which was held from March 21, 2010 to March 25, 2010.  (*Id.* at 4.)  He alleges the following claims pertaining to the criminal prosecution: a *Brady* violation (Count I), *Napue* claims (Count II), prosecutorial misconduct (Count III), and violations of his Sixth and Fourteenth Amendment rights (Count IV).  (*Id.* at 5-16.)  As relief, Burton requests the Court to vacate his sentence, immediately release him from custody, grant him a new trial, grant habeas corpus relief, and expunge his "conviction/sentence/criminal history."  (*Id.* at 17.)

## II.    STANDARD OF REVIEW

The Court will grant Burton leave to proceed *in forma pauperis* because it appears that he is incapable of prepaying the fees to commence this civil action.[2]  Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss the Amended Complaint if, among other things, it fails to state a claim.  The Court must determine whether the Amended Complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 566 (2007)); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021).  At the screening stage, the Court will accept the facts alleged in a *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether that complaint, liberally construed, contains facts sufficient to state a plausible claim.  *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024).  As Burton is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d

---

[2] However, since Burton is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act.  *See* 28 U.S.C. § 1915(b).

239, 244-45 (3d Cir. 2013)).  However, an unrepresented litigant "cannot flout procedural rules — they must abide by the same rules that apply to all other litigants."  *Id.* (quoting *Mala*, 704 F.3d at 245).

## III.    DISCUSSION

Burton seeks to bring constitutional claims pursuant to 42 U.S.C. § 1983, the vehicle by which federal constitutional claims may be brought against state actors in federal court.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted).  However, Burton's claims are not cognizable in a § 1983 action.

Burton requests the Court to vacate his sentence, immediately release him from custody, grant him a new trial, grant habeas corpus relief, and expunge his "conviction/sentence/criminal history."  (Am. Compl. at 17.)  "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."  *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *see also Muhammad v. Close*, 540 U.S. 749, 750 (2004) (*per curiam*) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus," rather than a § 1983 action (citing *Preiser*, 411 U.S. at 500)).  In other words, "whenever [a prisoner's] challenge ultimately attacks the 'core of habeas' — the validity of the continued conviction or the fact or length of the sentence — [the] challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition."  *Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002).

This means that Burton cannot challenge his imprisonment in a civil rights action under § 1983. Instead, he may pursue his request for release in a habeas matter. Accordingly, Burton's Amended Complaint will be dismissed. *See Garrett v. Murphy*, 17 F.4th 419, 430 (3d Cir. 2021) ("[W]henever a plaintiff pleads a violation of § 1983 and effectively seeks habeas relief, the plaintiff fails to state a § 1983 claim. Instead, the prisoner's only federal remedy is through a writ of habeas corpus after exhausting state remedies.").[3]

---

[3] The dismissal of this § 1983 matter does not, itself, bar Burton from filing a petition for a writ of habeas corpus should he choose to do so. *See Rushing v. Pennsylvania*, 637 F. App'x 55, 58 n.4 (3d Cir. 2016) (*per curiam*) (noting dismissal of § 1983 case "should not constitute a bar to any collateral attacks by Rushing against his state proceedings."). However, a review of the Court's PACER docketing system reveals that Burton previously filed a habeas corpus petition that was denied on August 17, 2017. *See Burton v. Wetzel, et al.*, Civ. Action No. 16-1400 (E.D. Pa.) (challenging conviction in *Commonwealth v. Burton*, CP-23-CR-0003894-2010)). Although Burton does not expressly reference the conviction he seeks to challenge in the Amended Complaint, the documents attached to the Amended Complaint demonstrate that he seeks to challenge the conviction that was the subject of his prior habeas petition. (*See, e.g.,* Am. Compl. at 86.) If he seeks to challenge this conviction again by way of a petition for a writ of habeas corpus, Burton must be mindful of the requirements of 28 U.S.C. § 2244(b)(3)(A), which require him to request, and receive, permission from the United States Court of Appeals for the Third Circuit before filing a second or successive *habeas* petition. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

It bears noting that the Court previously explained this process to Burton. In October 2025, Burton sought to present the same claims by filing a motion pursuant to Federal Rule of Civil Procedure 60(b). The Clerk's Office received a letter from Burton, along with an application to proceed *in forma pauperis* and a prison trust account statement. (*See Burton v. Harry*, Civ. A. No. 25-5792, ECF Nos. 1 and 2.) That letter stated that Burton was "in the process of filing a 'Motion For Relief From Final Order and Judgment Pursuant to Fed. R. Civ. P. 60,'" although no motion was included with his submission. (*Id.*, ECF No. 1 at 1.) In accordance with its responsibilities under Federal Rule of Civil Procedure 5, the Clerk of Court opened a new prisoner civil rights action, using the letter as a case opening document. However, because Burton's submission was not properly a new matter, by Order dated October 15, 2025, the Court directed that the case be closed. (*See id.*, ECF No. 6.) In the October 15 Order, Burton was advised that pursuant to the Federal Rules of Civil Procedure, a civil action is commenced by filing a complaint, not a Rule 60 motion, and that a Rule 60 motion seeks relief from a judgment or order. (*See id.*, ECF No. 6 (citing Fed. R. Civ. P. 3 and Fed. R. Civ. P. 60).) Accordingly, Civil Action No. 25-5792 was dismissed without prejudice to Burton filing his

4

## IV.   CONCLUSION

For the foregoing reasons, the Court will grant Burton leave to proceed *in forma pauperis* and dismiss his Amended Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.  Leave to amend will not be given because amendment would be futile.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).  An appropriate Order regarding dismissal follows, which shall be entered separately.  *See* Fed. R. Civ. P. 58(a).

BY THE COURT:

_____

**MARY KAY COSTELLO, J.**

---

Rule 60 motion in the case in which he was seeking relief from judgment.  However, the Rule 60 motion was entered on the docket a few days later, on October 21, 2025.  (*See* Civ. A. No. 25-5792, ECF No. 10.)  Apparently, Burton did not receive the Court's October 15 Order before filing the motion.  A review of the motion revealed that Burton sought relief from the judgment and conviction in *Commonwealth v. Burton*, CP-23-CR-0003984-2010 (C.P. Delaware).  Accordingly, in an October 22, 2025 Order, the Court struck the motion.  (*See* Civ. A. No. 25-5792, ECF No. 12.)  The Court explained to Burton in the October 22 Order that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."  (*See id.*, ECF No. 12 at 2 (citing *Preiser*, 411 U.S. at 500; *Muhammad*, 540 U.S. at 750; *Leamer*, 288 F.3d at 542).  The Court also noted that Burton previously filed a habeas corpus petition regarding the state court conviction in *Commonwealth v. Burton*, CP-23-CR-0003984-2010 (C.P. Delaware), that was denied on the merits and pointed out the requirements of 28 U.S.C. § 2244(b)(3)(A).  (*See id.*, ECF No. 12 at 2 (citing *Burton v. Wetzel, et al.*, Civ. Action No. 16-1400 (E.D. Pa.); 28 U.S.C. § 2244(b)(3)(A)).)

5